## J. MARXEN V. THE STATE.

### No. 2298.   Decided May 7, 1902.

**1.—Selling Diseased Meat—Indictment—Unknown Purchaser.**

An indictment for selling diseased meat to an unknown purchaser is not sustained where it is shown that by the use of ordinary diligence the name of one of the purchasers (of whom there were several) could evidently have been obtained by the grand jury.

**2.—Same—Evidence Insufficient.**

See opinion for facts stated, which are held wholly insufficient to support a conviction for selling the flesh of a beef slaughtered while diseased.

Appeal from the County Court of Lavaca.   Tried below before Hon. James Ballard, County Judge.

Appeal from a conviction of selling diseased meat to an unknown person; penalty, a fine of $25.

The opinion states the case.

*A. P. Bagby & Sons,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.—The issue is, do the facts sustain the verdict? It is submitted that they are sufficient. The only dispute being, was the animal diseased when slaughtered? Since the day of the Levitical laws it has been known to mankind that the flesh of a maimed animal was unwholesome. The fracture of a bone, the parts swollen, as the facts in evidence for the State show, produces fever. The maimed animal was kept for days before finally slaughtered. If it had been slaughtered immediately upon the fracture, the contention of appellant might be entertained. The dictionary does not bear out appellant's definition of the word disease. See Century Dictionary. The fracture may not be a disease, but it is always the cause of such when inflammation ensues. A bullet wound is not a disease, but a bullet wound in the lungs followed by inflammation is pneumonia, and pneumonia is a disease. An animal with its leg broken between its knee and hoof, and the part swollen to the size of a man's thigh and kept in that condition several days, certainly is sufficient for the jury to conclude that the "morbid state" has arisen to justify them in finding that it was sick, not well. It is submitted that the record does not disclose the color or character of any of the witnesses. The facts are ample, and the case should be affirmed.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted and fined $25 for knowingly selling to a person unknown to the grand jury the flesh of a beef which had been slaughtered while diseased; that said sale was made without making the condition of said beef known to the purchaser.

On September 10th appellant bought the beef in question, which had been hurt while being shipped on the railroad train, by having one of its front legs broken between the knee and foot. This occurred on Wednesday. On the following Friday it was slaughtered, and sold by

appellant in his market to his customers. The leg had swollen some in the neighborhood of where the bone was fractured. The evidence shows that he told none of his customers about the crippled condition of the animal. Those who testified in regard to the condition of the meat say it was perfectly good. Some of the witnesses testify that they used the meat, and that it was not diseased, but good. The evidence fails to support the allegation in the indictment that the names of the purchasers were to the grand jury unknown. In order to justify this allegation, the grand jury should have made careful investigation as to who the purchasers were, and set out at least the name of one of such purchasers if ascertained. Appellant's butcher shop was kept in the town of Yoakum, and this meat was disposed of to his customers generally, and was a very large beef. The record fails to show the diligence of the grand jury in trying to ascertain the name or names of the purchasers, or that they used any diligence at all. More than one of the witnesses testified to using the meat. By the use of ordinary diligence the name of one of these customers could evidently have been obtained. But, beyond this, the evidence does not support the conviction, even had the indictment averred the alleged violation with sufficient certainty. There is no evidence before us that the meat of the beef was diseased. The only facts relied upon by the State from which this deduction was sought to be drawn was the fact that a portion of the leg near where the fracture occurred was swollen. The witnesses testifying in regard to the meat that was sold say it was good and not diseased. The evidence shows he did not sell that portion of the leg shown to be swollen.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*